1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

9 DAMIEN JERMAINE GIBSON,

*Plaintiff*,                                      2:13-cv-01379-MMD-PAL

10

vs.

11

ORDER

12 SDCC*, et al.*

13      *Defendants*.

14

15      This *pro se* prisoner civil rights action by an inmate in state custody comes before the

16 Court on plaintiff's motion (#2) for appointment of counsel and motion (#3) for a status check.

17      There is no constitutional right to appointed counsel in a § 1983 action.  *E.g., Rand v.*

18 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d

19 952, 954 n.1 (9th Cir. 1998)(*en banc*).  The provision in 28 U.S.C. § 1915(e)(1), however,

20 gives a district court the discretion to request that an attorney represent an indigent civil

21 litigant.  *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. §

22 1915(e)(1)("The court may request an attorney to represent any person unable to afford

23 counsel.").  Yet the statute does not give the court the authority to compel an attorney to

24 accept appointment, such that counsel remains free to decline the request.  *See Mallard v.*

25 *United States District Court*, 490 U.S. 296 (1989).  While the decision to request counsel is

26 a matter that lies within the discretion of the district court, the court may exercise this

27 discretion to request counsel only under "exceptional circumstances."  *E.g., Terrell v. Brewer*,

28 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires an

1    evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate

2    his claims *pro se* in light of the complexity of the legal issues involved.  *Id.*  Neither of these

3    factors is determinative and both must be viewed together before reaching a decision.  *Id.*

4          In the present case, plaintiff has demonstrated a more than adequate ability to

5    articulate the claims presented; and it appears that the likelihood of success on any viable

6    claims remaining after screening ultimately will turn upon an assessment of the witnesses'

7    credibility.  The Court does not find that exceptional circumstances warrant requesting a

8    private attorney to voluntarily represent plaintiff in this matter.  The form motion for

9    appointment of counsel therefore will be denied.

10          The motion for a status check will be denied.  The proper manner in which to address

11   a matter that has been pending for more than sixty days is to send a letter to the Court

12   pursuant to Local Rule LR 7-6(b).

13          The complaint will be screened no more than thirty days from entry of this order.

14          IT THEREFORE IS ORDERED that plaintiff's motion (#2) for appointment of counsel

15   and motion (#3) for a status check both are DENIED.

16          DATED: March 27, 2014.

17

18

19   _____
     PEGGY A. LEEN
20   United States Magistrate Judge

21

22

23

24

25

26

27

28