1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAMIEN JERMAINE GIBSON, | Case No. 2:13-cv-01379-RFB-PAL |
| Plaintiff, | ORDER<br>(Mot for Telephonic Conf Hrng – Dkt. #28) |
| v. | |
| SDCC, et al., | and |
| Defendants. | SCHEDULING ORDER FOR CIVIL RIGHTS<br>ACTIONS FILED BY INCARCERATED<br>PRO SE PLAINTIFFS |

12   This matter is before the court on Status Report (Dkt. #25) filed by Deputy Attorney

13 General Jared Frost who has made an appearance on behalf of the only remaining Defendant,

14 Aaron Parker, a former employee of the Nevada Department of Corrections.  Also before the

15 court is a Motion for Telephonic Conference Hearing (Dkt. #28) filed by the Plaintiff, who is a

16 prisoner appearing pro se, *i.e.,* representing himself.

17   This case was reassigned to Deputy Attorney General Jared Frost on January 26, 2015.

18 Counsel reviewed the case and docket and observed that Plaintiff had filed proof of serving

19 Parker in July 2014.  As a result, counsel contacted Mr. Parker and learned that Parker had not

20 received the information needed to request representation from the Attorney General's Office.

21 The appropriate paperwork was provided to Parker and returned with a written request for

22 representation on March 12, 2015.  The Attorney General's office filed a notice of appearance on

23 behalf of Parker on March 16, 2015.  The status report is supported by an attached declaration of

24 counsel which indicates that now that Parker has made an appearance, he welcomes the

25 opportunity to explore the possibility of settlement through informal discussions consistent with

26 the court's prior order staying this case for 90 days for that purpose.  Defense counsel requests a

27

28

1

60 day extension of the stay previously entered to allow the parties to attempt to resolve this case.

Mr. Gibson requests a telephonic status hearing to hear oral argument from the parties on the issue of whether the stay should be extended. Plaintiff filed an Opposition (Dkt. #26) to the request for a 60-day extension. His opposition argues that Parker was served July 8, 2014, through the U.S. Marshal Service. When Parker did not timely appear, Plaintiff sent an affidavit and motion for entry of clerk's default to the clerk's office and the Attorney General's Office on September 7, 2014. Plaintiff argues that the failure of the Attorney General to appear until March 16, 2015, is a denial of his due process and equal protection rights under the Fourteenth and Fifth Amendments. The Attorney General has still not responded to his motion for default judgment. Plaintiff appears to be concerned that further delay will prejudice him because of statute of limitations concerns.

On April 2, 2015, the Attorney General's Office filed an answer to the complaint on behalf of Parker.

Having reviewed and considered the matters, the court will deny Parker's request for a further stay of this action, and Plaintiff's request for a telephonic status conference. Given the substantial delay that has occurred due to no fault of the Plaintiff, the court will enter a standard prisoner scheduling order so that discovery may be completed and this case prepared for resolution in a timely fashion. The court encourages the parties to attempt to resolve this matter informally, but will not stay this case any further for this purpose.

**IT IS ORDERED** that:

1. Plaintiff's Request for a Telephonic Status Conference (Dkt. #28) is **DENIED**.

2. Defendant Parker's request for a 60-day extension of the stay is **DENIED**.

3. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed within **sixty (60) days** from the date of this Order, or by **June 8, 2015**. Any party causing additional parties

2

to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

4. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served within **sixty (60) days** from the date of this Order, which is **June 8, 2015**.

5. **DISCOVERY:**

    a. Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **ninety (90) days** from the date of this Order, which is **July 8, 2015.**

    b. Pursuant to Fed. R. Civ. P. 33(a)(1), unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than twenty-five (25) written interrogatories, including discreet subparts.

    c. Pursuant to LR 26-8, unless otherwise ordered by the Court, written discovery, including responses thereto, certificates of service pertaining thereto and deposition transcripts, shall **not** be filed with the Court.  Originals of responses to written discovery requests shall be served on the party who served the discovery request and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court.  Likewise the deposing party shall make the original transcript of a deposition available at any pretrial hearing, at trial, or on order of the Court.

6. **EXTENSIONS OF DISCOVERY:**   Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause.  All motions or stipulations to extend discovery shall be received by the Court at least **twenty (20) days** prior to the expiration of any extension thereof that may have been approved by the Court.  The motion or stipulation shall include:

    a. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

3

b.  A specific description of the discovery which remains to be completed;

c.  The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

d.  A proposed schedule for the completion of all remaining discovery.

7.  Any discovery motions shall be filed and served no later than **one hundred five (105) days** from the date of this Order, which is **July 23, 2015**.

8.  Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than **thirty (30) days after the close of discovery**, *i.e.*, by **August 7, 2015.**

9.  No motion filed beyond the time limit fixed by this Scheduling Order shall be considered by the court unless the court grants an exception for good cause shown.

10. In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order.  Pursuant to the authority given to the court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56, must be filed no later than the time provided in paragraph 8 of this order.

11. **PRETRIAL**:  Pursuant to LR 16-3(a), the parties shall file a Joint Pretrial Order **thirty (30) days** past the date for filing motions for summary judgment or by **September 7, 2015**.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

12. Any party who desires an amendment to this Scheduling Order shall, within **sixty (60) days** hereof or by **June 8, 2015**, file and serve a statement of proposed amendments and the reasons therefor.  Each other party shall then have **fourteen (14) days** within which to file and serve a response thereto.  After expiration of the sixty-

4

day period, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

13. In all circumstances where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of Court.

DATED this 9th day of April, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE